**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-10087 |
| Plaintiff - Appellee, | D.C. No. 1:13-cr-00124-JMS |
| v. | |
| JOHN FREITAS, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Hawaii
J. Michael Seabright, Chief Judge, Presiding

Submitted March 15, 2016**

Before:     GOODWIN, LEAVY, and CHRISTEN, Circuit Judges.

John Freitas appeals from the district court's judgment and challenges the

42-month sentence imposed following his guilty-plea conviction for possession of

child pornography, in violation of 18 U.S.C. § 2252(a)(4).   We have jurisdiction

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument.   *See* Fed. R. App. P. 34(a)(2).   Freitas's motion to waive
oral argument and submit on the briefs is, therefore, granted.   Freitas's unopposed
motion to expedite is denied as unnecessary.

under 28 U.S.C. § 1291, and we affirm.

Freitas contends that the district court procedurally erred by (1) basing the sentence on his inability to stay sober while on pretrial release, (2) failing to explain adequately why its policy disagreement with the child pornography guidelines did not support a greater downward variance, and (3) relying on the unfounded assumption that he lacks impulse control. These claims fail. The district court did not punish Freitas for his insobriety, but rather properly considered his multiple violations of his pretrial release conditions. *See* 18 U.S.C. § 3553(a). The record belies Freitas's contention that the district court imposed the sentence in order to promote his rehabilitation, in violation of *Tapia v. United States,* 131 S. Ct. 2382 (2011). In addition, the district court thoroughly explained its decision to vary downwards and the extent of the variance. *See United States v. Henderson*, 649 F.3d 955, 963-64 (9th Cir. 2011). Finally, to the extent that the district court based the sentence on a determination that Freitas lacked impulse control, Freitas has not shown that this finding was clearly erroneous. *See United States v. Christensen*, 732 F.3d 1094, 1103 (9th Cir. 2013).

**AFFIRMED.**